UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAMON RYAN, ET AL.** | **CASE NO. 2:19-CV-01095** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIPS 66, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 29] filed by defendant Westlake Chemical Corporation ("Westlake") under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Damon Ryan and Brian Bilbo oppose the motion. Doc. 32.

### I.
#### BACKGROUND

This suit arises from an alleged explosion and chemical emission in Calcasieu Parish, Louisiana, on August 22, 2018. Plaintiffs filed suit in this court on August 20, 2019, against Cajun Industries, LLC; Phillips 66; Westlake; and Sasol North America. Doc. 1. Plaintiffs maintained that they had been exposed to hazardous and toxic chemicals as a result of the explosion, and that defendants were therefore liable to them under Louisiana Civil Code article 2315.

As the basis for this court's jurisdiction the plaintiffs asserted complete diversity under 28 U.S.C. § 1332. Defendants Westlake, Cajun Industries, and Phillips 66 then moved to dismiss the suit for lack of jurisdiction, noting that the plaintiffs and Cajun Industries were citizens of Louisiana while the citizenship of Sasol North America had not

been properly alleged and could not be ascertained at the moment. Docs. 5, 11, 20. In response the plaintiffs filed an amended complaint and voluntarily moved to dismiss their claims against Sasol North America and Cajun Industries. Docs. 22, 23. The court granted the voluntary motions to dismiss and denied the defendants' motions to dismiss for lack of subject matter jurisdiction as moot. Docs. 28, 31. The remaining defendants now move to dismiss the suit under Rule 12(b)(6), asserting that it has prescribed under Louisiana law because no defendant was served before the prescriptive period ran and prescription was not interrupted until the jurisdictional defects in the suit were cured. Doc. 29.

## II.
### LAW & APPLICATION

Under Louisiana law, delictual actions are governed by a one-year prescriptive period commencing from the date the injury or damage is sustained. La. Civ. Code art. 3492. Prescription is interrupted by the filing of a lawsuit so long as the suit is filed "in a court of competent jurisdiction and venue." *Id.* at art. 3462. If the action is commenced in a court without jurisdiction or proper venue, however, prescription is only interrupted "as to a defendant served by process within the prescriptive period."

This court lacked subject matter jurisdiction over the complaint filed on August 20, 2019, because of Cajun Industries, LLC's presence in the lawsuit. The defect was not cured until November 2019, when the court granted the plaintiffs' voluntary motion to dismiss and plaintiffs filed their amended complaint against the remaining defendant. The returns of service filed in this matter show that no defendant was served on or before August 22, 2019, when the suit would have prescribed under Article 3492's one-year limit.

Plaintiffs maintain that their amended complaint is timely because it relates back to the date the original complaint was filed under Louisiana Code of Civil Procedure article 1153 and Federal Rule of Civil Procedure 15(c).[1] As Westlake argues, however, the court lacked subject matter over the original complaint and so it did not serve to interrupt prescription. Any relation back cannot cure this defect. Accordingly, plaintiffs' claims have prescribed.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 29] will be **GRANTED** and all claims against Westlake Chemical Corporation will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 6th day of January, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Both rules provide that an amended pleading relates back to the date of the original so long as the claim or defense asserted in the amendment arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.